[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR SUPPLEMENTAL JUDGMENT STATEMENT OF THE CASE
On December 20, 2001, the court decided this tax appeal in favor of the plaintiff. At trial, and in the Memorandum of Decision it was stated that the valuation determined in this appeal would prevail "through October 1, 2000."
In 2001, the City re-assessed all real property within its boundaries for the grand list of October 1, 2001 and said list was certified in January of 2002.
The plaintiffs property was re-assessed but it claims not to have received notice of that action, as a result of which it has lost the opportunity to appeal the re-assessment for October 1, 2001.
It asks the court to include the grand list of October 1, 2001 in this appeal and to apply the figure determined to be fair market value in the December 20, 2001 decision for the period October 1, 2001 to October 1, 2002.
Section 12-117a of the General Statutes is pertinent to this claim, providing in part:
 "If, during the pendency of such appeal, a new assessment year begins, the applicant may amend his application as to any matter therein, including an appeal for such new year, which is affected by the inception of such new year and such applicant need not appear before the board of tax review or board of assessment appeals, as the case may be, to make such amendment effective."
CT Page 15579 This section closes with this language:
 "The amount to which the assessment is so reduced shall be the assessed value of such property on the grand lists for succeeding years until the tax assessor finds that the value of the applicant's property has increased or decreased."
 DISCUSSION I
When the hearing of this matter was to commence, counsel stated on the record that the valuation determined by the court would cover the grand lists of October 1, 1991 through October 1, 2000.
This agreement was incorporated into the court's Memorandum of Decision of December 20, 2001.
 II
That portion of Section 12-117a relied upon by the plaintiff permits the amending of the applications for relief to cover a new assessment year "during the pendency of such appeal."
The court's decision was filed on December 20, 2001. The plaintiff did not file an amendment until December 31, 2001. Referring to the commonly accepted definitions of pendency," we find:
 "The state or condition of being undecided or pending." And, "the status of an action or suit from the time it is commenced until its final determination by judgment or order."
Ballentine's Law Dictionary, 3rd edition, 1969, Lawyers Co-operative.
The court concludes that the plaintiffs amendment is invalid because it was not filed "during the pendency of' the appeal, but after judgment issued.
 III
The closing sentence of Section 12-117a is also fatal to the plaintiffs motion. Both counsel responded to the court's question to the effect that the city's assessor had changed the assessment of the subject property on CT Page 15580 the October 1, 2001 rand list.
This would appear to preclude any claim by a property owner where the assessor so acts, even if it occurs during the pendency of an appeal.
 CONCLUSION
For the reasons noted above, the motion for a supplemental judgment is denied. It appears to the court that the plaintiffs grievance is in the wrong forum as this tax appeal is completely unrelated to the issue of whether the city followed the proper procedure in reassessing the property for a grand list subsequent to the re-assessment appealed from.
 ___________________ Anthony V. DeMayo Judge Trial Referee
CT Page 15581